IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MELINDA GARCIA, )
)
          **Plaintiff,** )
) CIVIL ACTION
v. )
) No. 12-2792-KHV
THE UNIVERSITY OF KANSAS HOSPITAL, )
or alternatively, THE UNIVERSITY OF )
KANSAS HOSPITAL AUTHORITY et al., )
)
          **Defendants.** )
_____)

**MEMORANDUM AND ORDER**

Melinda Garcia brings numerous employment discrimination claims against the University of Kansas Hospital, or alternatively, the University of Kansas Hospital Authority ("UKHA"), and her direct supervisor Jamie Stockwell. Second Amended Complaint (Doc. #12) filed January 16, 2013. Plaintiff alleges 13 employment discrimination claims under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), the Pregnancy Discrimination Act, 42 U.S.C. § 2000e(k) ("PDA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and 42 U.S.C. § 1981. This matter comes before the Court on Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative to Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #19) filed February 22, 2013, Defendant University Of Kansas Hospital Authority's Motion To Strike Plaintiff's Sur-Reply In Further Opposition To Defendant's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #26) filed March 29, 2013, Plaintiff Melinda Garcia's

<u>Motion For Leave To File Sur-Reply In Further Opposition To Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies</u> (Doc. #28) filed April 2, 2013 and <u>Defendant University Of Kansas Hospital Authority's Motion To Dismiss Claims Of Racial Discrimination And Retaliation Contained In Counts V And VIII Of Plaintiff's Second Amended Complaint</u> (Doc. #34) filed April 19, 2013.

Defendant seeks to dismiss portions of plaintiff's claims for retaliation under the ADA (Count VI), Title VII (Counts VII and VIII) and the PDA (Count IX), and portions of plaintiff's claims for race and national origin discrimination under Title VII (Counts V and VIII). For reasons stated below, the Court sustains in part defendant's first motion to dismiss (Doc. #19), sustains in part defendant's motion to strike (Doc. #26), overrules plaintiff's motion for leave to file sur-reply (Doc. #28) and overrules defendant's second motion to dismiss (Doc. #34).

**Factual And Procedural History**

On September 27, 2012, plaintiff filed a discrimination charge against the University of Kansas Hospital with the Kansas Human Rights Commission ("KHRC") and the Equal Employment Opportunity Commission ("EEOC"). Doc. #20-1.[1] On the charge form, plaintiff marked the boxes for "sex," "national origin" and "disability" discrimination. <u>Id.</u> Plaintiff stated that the

---

[1] An aggrieved party may file an administrative charge form with either the EEOC or the designated state agency (in Kansas, the KHRC). 29 C.F.R. § 1601.8. The EEOC then issues a Notice of Right to Sue upon a claimant's request or the EEOC's disposition of the charge. 29 C.F.R. § 1601.28(a)-(b). Plaintiff's administrative charges are written on EEOC "Charge of Discrimination" forms, were presented to the EEOC and list KHRC as the state agency. <u>See</u> Docs. #20-1, 20-2.

discrimination took place from November 17, 2011 to March 12, 2012, and marked the box labeled "continuing action." Id. In the narrative section, plaintiff stated as follows:

> I was hired on September 8, 2008 as a Customer Service Representative. In late November 2011, I informed my supervisor of my medical condition, my pregnancy and need for an accommodation. On or about November 21, 2011, I received a write up for attendance. From that point, my supervisor would stand near my desk and monitor me, and he would follow me to the restroom. My supervisor would also counsel me about my tattoos and not parking in handicap spots I was entitled to park in. My supervisor made me take Spanish calls, which was not in my job description. On or about March 13, 2012, my supervisor made a series of comments to me that sent me out on medical leave.
>
> I believe I have been disciplined and denied equal terms and conditions because of my national origin (Hispanic), my sex (female), and my pregnancy in violation of Title VII of the Civil Rights Act of 1964, as amended. I believe I have been disciplined, denied equal terms and conditions and denied reasonable accommodation because of my disability in violation of the Americans with Disabilities Act Amendments Act of 2008.

Id. On October 18, 2012, the EEOC mailed plaintiff a Dismissal and Notice of Rights in response to this charge, giving plaintiff the right to sue for the alleged violations.

On October 5, 2012, plaintiff filed a second discrimination charge against the University of Kansas Hospital. Doc. #20-2. On this form, plaintiff marked the "retaliation" box. Id. Plaintiff stated that the discrimination took place on October 2, 2012. Id. In the narrative section of the administrative charge form, plaintiff stated as follows:

> I was hired on or about September 8, 2008 as a Customer Service Representative. On or about September 12, 2012, I filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) alleging unfair treatment based on my national origin, sex, pregnancy and disability. (Charge No. 563-2012-01763) On or about October 2, 2012, I learned I had been discharged from my position on September 30, 2012.

-3-

> Human Resources informed me that I had been discharged because
> The Hartford had not approved my long term disability request. The
> Hartford informed me that my long term disability request had been
> granted.
>
> I believe I was discharged in retaliation for filing a charge of
> discrimination with the EEOC in violation of Title VII of the Civil
> Rights Act of 1964, as amended, and in violation of the Americans
> with Disabilities Act Amendments Act of 2008.

Id. On March 18, 2013, the EEOC mailed plaintiff a Notice of Right to Sue in response to this charge, giving plaintiff the right to sue defendant for the alleged violations.

As noted above, plaintiff sued defendants alleging numerous counts of discrimination and retaliation. On February 22, 2013, defendant filed a motion to dismiss plaintiff's retaliation claims in Counts VI through IX for failure to exhaust administrative remedies. Counts VI through IX allege retaliation in violation of the ADA (Count VI), Title VII (Counts VII and VIII) and the PDA (Count IX). Specifically, these counts allege retaliation in response to the following protected activities: (1) requesting reasonable accommodation of additional breaks to use the restroom and take medication (Counts VI, VII and IX), (2) requesting medical leave (Count VI), (3) complaining internally to human resources and a temporary supervisor (Counts VI through IX), and (4) filing a Charge of Discrimination with the EEOC and KHRC (Counts VI through IX). Initially, defendant moved to dismiss these claims in their entirety because plaintiff had not shown that the EEOC had issued a right to sue letter on her second administrative charge which alleged retaliation.

On March 28, 2013, plaintiff filed a sur-reply. Plaintiff ostensibly filed the sur-reply to inform defendants and the Court that the EEOC had issued a right to sue letter on her second administrative charge. But it also includes nearly three pages of new legal argument that plaintiff could have made in response to defendant's motion. Defendant moved to strike plaintiff's sur-reply

for filing it without leave of court. In response, plaintiff filed a motion for leave to file the sur-reply.

After plaintiff produced the second right to sue letter, which showed that she had exhausted administrative remedies with respect to her claim of retaliation for filing the first administrative charge of discrimination, defendant narrowed its motion to dismiss. It now contends only that plaintiff has not exhausted administrative remedies for retaliation based on requesting an accommodation, requesting medical leave and complaining internally to human resources.

On April 19, 2013, defendant filed a second motion to dismiss. It contends that plaintiff failed to exhaust administrative remedies as to her Title VII race discrimination claims in Counts V and VIII. On the administrative charge, plaintiff checked the box for discrimination based on "national origin" but did not check the box for "race."

## Analysis

**I.  UKHA's Motion To Strike And Plaintiff's Motion For Leave To File Sur-Reply**

Under D. Kan. Rule 7.1(c), briefing on motions is limited to the motion (with memorandum in support), a response and a reply. Surreplies typically are not allowed. Taylor v. Sebelius, 350 F. Supp.2d 888, 900 (D. Kan. 2004). They are permitted in rare cases only, and not without leave of court. Id. Here, plaintiff's sur-reply serves two purposes. First, it notifies the Court and defendants that the EEOC issued a right to sue letter on her second administrative charge. Second, it raises arguments that plaintiff could (and should) have made in response to the UKHA's motion.[2]

---

[2] The UKHA's first motion to dismiss argues that plaintiff failed to exhaust administrative remedies for Counts VI through IX for at least two reasons: (1) the EEOC had not yet issued plaintiff a right to sue letter on her second administrative charge, which alleged retaliation, and (2) plaintiff's administrative charges did not "allege that she made requests for accommodation, made complaints to human resources, etc., or that she was retaliated against for engaging in such alleged activity." Doc. #20 at 5. In response, plaintiff stated that she would
(continued...)

The sur-reply does not purport to respond to any new arguments or material in the UKHA's reply.

To the extent that plaintiff seeks to notify the Court and defendants that the EEOC issued a right to sue letter on her second administrative charge, the Court construes the sur-reply as a "Notice," and will consider the letter. But to the extent that plaintiff seeks to make new arguments that she could have raised in her response to defendant's motion, the Court sustains defendant's motion to strike. This is exactly why sur-replies typically are not allowed. Hall v. Whitacre, No. 06-1240-JTM, 2007 WL 1585960, at *1 (D. Kan. May 31, 2007) (utterly no justification for surreply that simply provided additional and longer arguments plaintiff could have raised in first response); see also E.E.O.C. v. Int'l Paper Co., No. 91-2017-L, 1992 WL 370850, at *10 (D. Kan. Oct. 28, 1992) (parties' briefing must have an end point and cannot be allowed to become self-perpetuating).

## II. Motions To Dismiss For Lack Of Subject Matter Jurisdiction

Before the Court are two motions to dismiss for lack of subject matter jurisdiction for failure to exhaust administrative remedies. Federal courts are courts of limited jurisdiction. As such, they must have a constitutional basis to exercise jurisdiction. Devon Energy Prod. Co., L.P. v. Mosaic Potash, 693 F.3d 1195, 1201 (10th Cir. 2012). The party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is proper. Id. Mere conclusory allegations of jurisdiction

---

[2](...continued)
contact the EEOC regarding issuing a right to sue letter on her second administrative charge, and that she had properly presented her retaliation claims in that charge. She did not specifically address defendant's argument that her administrative charges did not allege retaliation based on requesting an accommodation, requesting medical leave or complaining internally to human resources. Instead she said that her "retaliation claims are based on Plaintiff Garcia's protected activity of filing her original Charge against Defendant UKHA dated September 27, 2012." Doc. #23 at 2. In her sur-reply, however, plaintiff argues that when read together, her two administrative charges exhaust her claims of retaliation based on requesting an accommodation, requesting medical leave or complaining internally to human resources. See Doc. #25.

are not enough. United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999).

Generally, a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction takes one of two forms: a facial attack or a factual attack. Holt v. United States, 46 F.3d 1000, 1002 (10th Cir. 1995). Here, defendant challenges the facts upon which subject matter jurisdiction over portions of plaintiff's ADA, PDA and Title VII claims depend. It argues that plaintiff failed to exhaust her administrative remedies for parts of these claims by not raising them in administrative charges. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. Id. at 1003. A court has wide discretion to allow affidavits, other documents and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). Id.

### A. Exhaustion Of Administrative Remedies

Under the ADA, PDA and Title VII, a charge of discrimination with the EEOC or designated state agency is a jurisdictional prerequisite to suit based on a claim of employment discrimination. See Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012); Sizova v. Nat'l Inst. of Standards & Tech., 282 F.3d 1320, 1324-26; Alcivar v. Wynne, 268 Fed. Appx. 749, 753 (10th Cir. 2008) (citing Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1317 (10th Cir. 2005)). Without such a filing, federal courts lack subject matter jurisdiction to entertain discrimination claims under these statutes. See Carmody v. SCI Colo. Funeral Servs., Inc., 76 F. Supp.2d 1101, 1103-1104 (D. Colo. 1999).[3] Because exhaustion of administrative remedies is a prerequisite to subject matter

---

[3] After Jones v. Bock, 549 U.S. 199 (2007), the Tenth Circuit has expressed concern whether failure to exhaust administrative remedies is still a jurisdictional prerequisite to suit, as
(continued...)

jurisdiction, plaintiff bears the burden of showing exhaustion by competent evidence. McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1106 (10th Cir. 2002).

To exhaust administrative remedies, plaintiff generally must present her claim to the EEOC or authorized state agency (in Kansas, the KHRC) and receive a right to sue letter based on that charge. The charge "shall be in writing and signed and shall be verified." 29 C.F.R. § 1601.9. At a minimum, it must identify the parties and "describe generally the action or practices complained of." 29 C.F.R. § 1601.12(b). The charge tells the EEOC or KHRC what to investigate, provides an opportunity to conciliate the claim and gives the charged party notice of the alleged violation. Martinez v. Potter, 347 F.3d 1208, 1211 (10th Cir. 2003).

A plaintiff's claim in federal court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination. MacKenzie v. City & Cnty. of Denver, 414 F.3d 1266, 1274 (10th Cir. 2005). In determining whether plaintiff has exhausted administrative remedies as to a particular claim, courts liberally construe administrative charges. Jones v. U.P.S., Inc., 502 F.3d 1176, 1186 (10th Cir. 2007); Mitchell v. City & Cnty. of Denver, 112 Fed. Appx. 662, 667 (10th Cir. 2005) (more lenient pleading standard acknowledges that administrative charges of unlawful employment practices are regularly filled out by employees without counsel). The charge, however, must contain facts concerning the

---

[3](...continued)
opposed to an affirmative defense. See McQueen v. Colo. Springs Sch. Dist. No. 11, 488 F.3d 868, 874 (10th Cir. 2007). Recent Tenth Circuit decisions indicate that Bock did not demote the exhaustion requirement from a jurisdictional prerequisite to an affirmative defense. Bertsch v. Overstock.com, 684 F.3d 1023, 1030 (10th Cir. 2012); see Pretlow v. Garrison, 420 Fed. Appx. 798, 803, n.4 (10th Cir. 2011); see also Martinez v. Target Corp., No. 09-2112, 2010 WL 2616651, at *3 n.2 (10th Cir. July 1, 2010) (plaintiff "does not point us to a single decision – of this or any other court – applying Bock in the context of a Title VII or ADEA case").

discriminatory and/or retaliatory actions underlying each claim. Jones, 502 F.3d at 1186. Each discrete incident of alleged discrimination or retaliation constitutes an "unlawful employment practice" for which plaintiff must exhaust administrative remedies. Id.

A plaintiff's failure to check the appropriate box on the administrative charge form for the type of discrimination alleged creates a presumption that he or she is not asserting claims represented by boxes not checked. See Gunnell v. Utah Valley State Coll., 152 F.3d 1253, 1260 (10th Cir. 1998). This presumption is not dispositive and may be rebutted by the text of the claim in the narrative section of the charge form. See id. (citing Kristufek v. Hussmann Foodservice Co., 985 F.2d 364, 368 (7th Cir. 1993)). An allegation, although sparse, may be sufficient to satisfy the statutory requirements of exhaustion and fulfill the purposes of notice to the employer and an opportunity to conciliate the claim. See id. An allegation is sufficient if it "identifies the type of discrimination complained of, the alleged harasser, and an approximate time period." Id.

**B.     Motion To Dismiss Certain Retaliation Claims In Counts VI Through IX**

As narrowed, the UKHA's first motion to dismiss seeks to dismiss plaintiff's retaliation claims in Counts VI through IX to the extent they rely on the following protected activities: (1) requesting reasonable accommodation, (2) requesting medical leave and (3) making internal complaints. See Doc. #32. Plaintiff responds that her second EEOC charge dated October 5, 2012, properly exhausted the retaliation claims in Counts VI through IX. Doc. #23 at 2. That charge states: "I believe I was discharged in retaliation for filing a charge of discrimination with the EEOC." Doc. #20-2. Plaintiff does not explain how this administrative charge reasonably covers her claims of retaliation for requesting reasonable accommodation, requesting medical leave and making internal complaints. Indeed, plaintiff seems to disclaim reliance on these alternative

protected activities, stating that her retaliation claims in Counts VI through IX "are based on [the] protected activity of filing her original Charge against Defendant UKHA dated September 27, 2012." Doc. #23.

Plaintiff must exhaust administrative remedies as to each discrete instance of discrimination or retaliation. Martinez, 347 F.3d at 1210 (citing Nat'l R.R Passenger Corp. v. Morgan, 536 U.S. 101 (2002)). She bears the burden to show by competent evidence that she has done so. McBride, 281 F.3d at 1106 (citing United States v. Hillcrest Health Ctr., Inc., 264 F.3d 1271, 1278 (10th Cir. 2001)). Here, plaintiff has not met her burden. See Apsley v. Boeing Co., 691 F.3d 1184, 1210 (10th Cir. 2012) (finding failure to exhaust; although plaintiffs checked retaliation box on EEOC charge, form did not put defendants on notice of retaliation claims relating to gender, race or disability where narrative portion made clear that retaliation related to signing consent forms). The Court therefore sustains defendant's first motion to dismiss to the extent that it seeks dismissal of the portions of Counts VI through IX that rely on protected activities other than the filing of plaintiff's first administrative charge dated September 27, 2012.

### C. Motion To Dismiss Race Discrimination And Retaliation Claims In Counts V And VIII

The UKHA's second motion to dismiss argues that plaintiff failed to exhaust administrative remedies for her race discrimination and retaliation claims in Counts V and VIII. On her first administrative charge form, plaintiff checked the box for discrimination based on "national origin," but did not check the box for "race." This creates a presumption that plaintiff was not alleging race discrimination claims. Gunnell, 152 F.3d at 1260. But the line between discrimination based on national origin and race is often unclear. See St. Francis College v. Al-Khazraji, 481 U.S. 604, 614 (1987) (line between discrimination based on ancestry or ethnic characteristics and discrimination

based on place or nation of origin not bright one) (Brennan, J., concurring); Stephens v. City of Topeka, 33 F. Supp.2d 947 (D. Kan. 1999); Daneshvar v. Graphic Tech, Inc., 18 F. Supp.2d 1277, 1284 (D. Kan. 1998). In the narrative section of the form, plaintiff alleged that her "supervisor made [her] take Spanish calls, which was not in [her] job description." Doc. #20-1. Because of the fine line between race and national origin discrimination, an administrative charge alleging national origin discrimination will sometimes be sufficient to exhaust race discrimination claims that arise from the same conduct. See Daneshvar, 18 F. Supp.2d at 1284. Here, an investigation into plaintiff's national origin claims would necessarily include an investigation into her race claims, which are based on the same conduct. See id. (citing Martin v. Nannie & The Newborns, Inc., 3 F.3d 1410, 1416 n.7 (10th Cir. 1993), overruled on other grounds by Davidson v. Am. Online, Inc., 337 F.3d 1179 (10th Cir. 2003)). Plaintiff's allegations explicitly identify the challenged conduct, the identity of the alleged harasser (her supervisor) and an approximate time period during which the violations occurred. Plaintiff's allegations were therefore sufficient to exhaust administrative remedies with respect to counts V and VIII, which allege discrimination and retaliation for race and national origin in violation of Title VII.

**IT IS THEREFORE ORDERED** that Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative to Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #19) filed February 22, 2013, as narrowed by Defendant University Of Kansas Hospital Authority's Notice To The Court Regarding The Scope Of Defendant's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #32) filed April 15,

2013, be and hereby is **SUSTAINED in part**. The Court dismisses the portions of Counts VI, VII, VIII and IX that rely on the following protected activities: (1) requesting reasonable accommodation of additional breaks to use the restroom and take her medication (Counts VI, VII and IX), (2) requesting medical leave (Count VI) and (3) complaining internally to human resources and a temporary supervisor (Counts VI through IX).

**IT IS FURTHER ORDERED** that Defendant University Of Kansas Hospital Authority's Motion To Strike Plaintiff's Sur-Reply In Further Opposition To Defendant's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #26) filed March 29, 2013, be and hereby is **SUSTAINED in part**. The Court strikes the arguments in Plaintiff Melinda Garcia's Sur-Reply In Further Opposition To Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #25) filed March 28, 2013 at 2-4, and treats it as a "Notice" that the EEOC issued a right to sue letter on plaintiff's second administrative charge dated October 5, 2012.

**IT IS FURTHER ORDERED** that Plaintiff Melinda Garcia's Motion For Leave To File Sur-Reply In Further Opposition To Defendant University Of Kansas Hospital Authority's Motion To Dismiss Counts VI, VII, VIII, And IX Of Plaintiff's Second Amended Complaint Or In The Alternative To Stay This Matter Until Plaintiff Has Exhausted Administrative Remedies (Doc. #28) filed April 2, 2013, be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant University Of Kansas Hospital Authority's Motion To Dismiss Claims Of Racial Discrimination And Retaliation Contained In Counts V And

VIII Of Plaintiff's Second Amended Complaint (Doc. #34) filed April 19, 2013, be and hereby is **OVERRULED**.

Dated this 21st day of August, 2013, at Kansas City, Kansas.

s/ Kathryn H. Vratil  
Kathryn H. Vratil  
United States District Judge